IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-17-BO

DESPINA N.A. LUCAS,                    )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )        O R D E R
                                       )
                                       )
COUNTY OF DARE, NORTH                  )
CAROLINA; COUNTY OF PAMLICO,           )
NORTH CAROLINA; COURT DISTRICT         )
3B, NORTH CAROLINA; CITY OF            )
NAGS HEAD, NORTH CAROLINA;             )
CITY OF KILL DEVIL HILLS, NORTH        )
CAROLINA; CITY OF KITTY HAWK,          )
NORTH CAROLINA; STATE OF               )
NORTH CAROLINA; CITY COUNTY            )
OF NEWPORT NEWS, VIRGINIA; CITY        )
COUNTY OF HAMPTON, VIRGINIA;           )
COMMONWEALTH OF VIRGINIA;              )
CHRISTOPHER NEWPORT                    )
UNIVERSITY; and UNITED STATES          )
OF AMERICA,                            )
                                       )
    Defendants.                        )

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge James E. Gates. [DE 4]. On June 11, 2019, Judge Gates recommended that plaintiff be permitted to proceed *in forma pauperis* but that her claims be dismissed. *Id.* Plaintiff has filed an objection in response. [DE 6]. For the reasons that follow, the M&R [DE 4] is ADOPTED and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On April 30, 2019, plaintiff filed a *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiff alleges that, on multiple occasions, she was wrongfully cited

and convicted of failing to have her RV inspected in Virginia. She also alleges that her convictions were improper because she was not offered a public defender and was denied continuances that she requested in order to obtain proof of the vehicle inspections. Plaintiff also alleges that she was apprehended by law enforcement officers who did not have jurisdiction to apprehend her. Plaintiff claims that she was wrongfully directed not to return to or appear in any courthouse in the United States because she parked her car, with her RV attached, in front of the Hampton County Courthouse. Finally, plaintiff alleges that she has been wrongfully cited for driving without a North Carolina driver's license no fewer than 15 times and has twice been convicted. In connection with at least some of her convictions, plaintiff claims she was improperly denied counsel and was coerced into retracting her request for an appeal.

On June 11, Judge Gates entered the instant memorandum and recommendation (M&R), granting plaintiff's application to proceed *in forma pauperis* and recommending that plaintiff's claims be dismissed. [DE 4]. Plaintiff responded, arguing that some of the pages in her complaint are missing, that the Court has misidentified her and been mislead about her, and that the defendant counties and municipalities violated at least thirteen of her rights. [DE 6].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

2

The Court construes plaintiff's response as a generalized, non-specific objection to the Court dismissing her claims with prejudice. Plaintiff does not challenge any of the legal conclusions in the M&R. Instead, she simply reiterates her claims that defendants have violated her rights and argues that the Court has mistaken her for another individual and demeaned her. Because plaintiff makes only a generalized objection to the M&R, the Court "must only satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315.

The Court has thoroughly reviewed the M&R and is satisfied that there is no clear error on the face of the record. Dismissals under 28 U.S.C. § 1915(e)(2)(B), as here, should generally be without prejudice. *Nagy v. FMC Butner*, 376 F.3d 252, 258 (4th Cir. 2004). Accordingly, the M&R is adopted and plaintiff's complaint is dismissed without prejudice.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Gates [DE 4] is ADOPTED and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this __1__ day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE